PER CURIAM.
Plaintiff appeals a summary final judgment finding that the defendant tax assessor properly assessed its property as individual condominium units for the 1973 tax year.
Plaintiff, Miami Atlantic Development Corporation, is the owner of the Crystal House, a luxury residential high rise located on Collins Avenue, Miami Beach, Florida. Having decided to change the status of the building from an apartment house to a condominium, plaintiff on December 29, 1972, executed and recorded a declaration of condominium in the public records of Dade County. The tax assessor, for the 1973 tax year beginning January 1, assessed the Crystal House as a condominium. Plaintiff corporation on behalf of itself and all others similarly situated instituted this action contesting the 1973 ad va-lorem tax assessment on the grounds that the Crystal House was an apartment building on January 1, 1973 and, therefore, the tax assessor incorrectly assessed the building as a condominium. Following pretrial discovery, both parties moved for summary judgment. Final summary judgment upholding the validity of the tax assessment was entered and plaintiff corporation appeals therefrom. We affirm.
Upon plaintiff’s execution and recordation of the declaration of condominium on December 29, 1972, the Crystal House Condominium was created as of that date. See § 711.08, Fla.Stat., F.S.A. and McCaughan, The Florida Condominium Act Applied, 17 U.Fla.L.Rev. 1, 27 (1964-65).
*30 One of the factors to be considered in arriving at a just valuation is “the highest and best use to which the property can be expected to be put in the immediate future and the present use of the property.” § 193.011(2), Fla.Stat., F.S.A. The courts have held that the assessment must be made on the basis of the actual use or any immediate expected use to which the property is designed to be put during the expected tax year. Lanier v. Overstreet, Fla. 1965, 175 So.2d 521; McKinney v. Hunt, Fla.App. 1971, 251 So.2d 6. There is no question that the Crystal House in the very immediate future was expected to be used as a condominium and, in fact, by March of 1973 the sale of the first condominium unit had been consummated. We conclude that plaintiff has failed to demonstrate that the tax assessor wrongfully assessed the Crystal House as a condominium.
We also considered plaintiffs second point on appeal concerning the trial court’s determination that the suit was not properly brought as a class action and in light of the above disposition, we find that it is moot.
Affirmed.